{¶ 32} I respectfully concur in judgment only. On November 27, 2002, this court announced its decision in State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478. In Thompson, this court held that R.C.2967.021 is ambiguous regarding whether persons convicted prior to July 1, 1996 and subsequently paroled can be convicted of the offense of escape. We concluded that because the statute is ambiguous, it must be construed against the State and, accordingly, we vacated Thompson's conviction for the offense of escape.
 {¶ 33} Recognizing that our decision in Thompson is in conflict with State v. McFolley (July 11, 2001), Lorain App. No. 00CA007614, on January 10, 2003, this court certified the following conflict to the Ohio Supreme Court:
 {¶ 34} "Whether R.C. 2967.021 is ambiguous as to whether it applies to persons on parole for a crime committed prior to July 1, 1996 who fail to report to their parole office after March 17, 1998 and, therefore, the statute must be construed against the State in determining whether such parole violators are subject to prosecution for the crime of escape."
 {¶ 35} Appellant was convicted prior to 1996 and paroled in 1999. Accordingly, the facts in this case are no different from the facts inThompson. The majority does not follow Thompson, however. The majority does cursorily acknowledge the holding in Thompson, but then, without making any attempt to distinguish this case from Thompson, proceeds to decide that R.C. 2967.021 is not ambiguous and that under the statute, persons imprisoned prior to July 1, 1996 and subsequently paroled cannot be convicted of the offense of escape. That holding is contrary toThompson and, furthermore, decides the very issue this court has certified to the Ohio Supreme Court.
 {¶ 36} Until the Ohio Supreme Court determines whether the statute is ambiguous, or decides not to accept the certified question for review, we should not only acknowledge but also follow Thompson.
 {¶ 37} Accordingly, I concur in judgment only.